IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |
|---|---|
| JERRY RAY HALL, | ) CASE NO. 7:19CV00874 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| MRS/MS. A. MILLER, | ) By: Hon. Glen E. Conrad |
|  | ) Senior United States District Judge |
| Defendant. | ) |

Jerry Ray Hall, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a prison food service official has violated his constitutional right to freely exercise his religious dietary beliefs. After review of the record, the court concludes that Hall's action is appropriately dismissed without prejudice for failure to state a claim.

Hall is incarcerated at Augusta Correctional Center ("Augusta"). He states that he requires "the Real Kosher Jewish meals." Compl. Attach. 1, ECF No. 1-1. In his § 1983 complaint, Hall alleges that the defendant, Ms. A. Miller, "put up [a] flyer in both chowhall[s] stat[ing] she [was] going to turn the Regular bakery into a kosher bakery using the same oven she bake[s] bread, cakes, meat and other food products," which "she put[s] on Regular food tray meals." Compl. 3, ECF No. 1. Hall alleges that in order for Ms. Miller to make Kosher breads, she must "have another oven for Kosher bread only," because "if she use[s] the same oven she . . . will only make non-Kosher Bread." Id.

In November 2019, Hall filed an Informal Complaint, stating that Miller was refusing to supply "Kosher Bread" or dry cereal for breakfast in his "Real Kosher Jewish meals," as he believes is required by the Virginia Department of Corrections Kosher breakfast menu. Compl.

Attach. 1, ECF No. 1-1.  In response, Miller wrote, "The Kitchen follows the menu that the state dietician has put out.  The only changes made are the types of vegetable[s] that [are] being served.  Bread and dry cereal are not on the menu."  Id.  In Hall's § 1983 complaint, he states that Miller's actions "violated Jewish orthodox Kosher meals."  Compl. 2.  He seeks damages in the amount of $180,000.  Id.

The court is required to dismiss a complaint filed by a prisoner against a governmental entity or officer if the court determines that it is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  To survive screening under § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).  "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion."  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  "This [right] encompasses policies that impose a substantial burden on a prisoner's right to practice his religion."  Wall v. Wade, 741 F.3d 492, 498 (4th Cir. 2014).  For constitutional purposes, such a burden is one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs," Thomas v. Review Bd. of Ind. Emp't Sec. Div., 450 U.S. 707, 718 (1981), or one that forces him to "choose between following the precepts of h[is] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of h[is] religion . . . on the other hand," Sherbert v. Verner, 374 U.S. 398, 404 (1963).

The court cannot find that Hall has alleged that Augusta's Kosher meals substantially burden his ability to exercise his religious beliefs. He does not allege that he has received food items that are inconsistent with his religious dietary tenets, that the Kosher meals provided to him do not meet his nutritional needs, or that these meals have pressured him to violate his religious beliefs in any way. Thus, the court concludes that Hall's allegations do not state a plausible First Amendment claim. See Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006). Therefore, the court will summarily dismiss the action without prejudice under § 1915A(b)(1). An appropriate order will enter this day. Such a dismissal leaves Hall free to refile his claim in a new and separate civil action if he can correct the deficiencies described in this opinion and complies with exhaustion and financial requirements.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 15th day of April, 2020.

_____
Senior United States District Judge